# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1653V

|  |  |
|---|---|
| JENNIFER L. PORTOCK,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br><br>Filed: October 15, 2024 |

*Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA, for Petitioner.*

*Felicia Langel, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On August 3, 2021, Jennifer L. Portock filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 21, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 13, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On October 11, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $49,691.20, consisting of $47,500.00 for pain and suffering, and $2,191.20 in past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $49,691.20 (consisting of $47,500.00 for pain and suffering, and $2,191.20 in past unreimbursable expenses), in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |  |
|---|---|---|
| JENNIFER L. PORTOCK, | | |
| Petitioner, | | |
| v. | | No. 21-1653V<br>Chief Special Master Corcoran<br>ECF |
| SECRETARY OF HEALTH AND<br>HUMAN SERVICES, | | |
| Respondent. | | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 3, 2021, Jennifer L. Portock ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act. *See* 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table ("Table"), following the administration of the influenza ("flu") vaccine on October 21, 2020. 42 C.F.R. § 100.3(a)(XIV)(B); Petition at 1. On March 28, 2023, the Secretary of Health and Human Services ("respondent") filed a combined Rule 4(c) Report and Response to Petitioner's Motion for Ruling on the Record recommending that compensation be denied. *See* ECF No. 34. On August 13, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[1] *See* ECF No. 36.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's August 13, 2024, entitlement decision.

**I.      Items of Compensation**

   A.      Pain and Suffering

   Based upon the evidence of record, respondent proffers that petitioner should be awarded

$47,500.00 for pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

   B.      Past Unreimbursable Expenses

   Evidence supplied by petitioner documents that she incurred past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of $2,191.20.  *See* 42 U.S.C. § 300aa-

15(a)(1)(B).  Petitioner agrees.

   These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.     Form of the Award**

   Respondent recommends that compensation provided to petitioner should be made

through one lump sum payment, and requests that the Chief Special Master's decision and the

Court's judgment award the following:[2]  a lump sum payment of **$49,691.20** in the form of a

check payable to petitioner.

   Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

                              Respectfully submitted,

                              BRIAN M. BOYNTON
                              Principal Deputy Assistant Attorney General

                              C. SALVATORE D'ALESSIO
                              Director
                              Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future lost earnings
and future pain and suffering.

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

/s/ Felicia D. Langel
FELICIA D. LANGEL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-3148
felicia.d.langel@usdoj.gov

DATED: October 11, 2024